**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN REAVES on behalf of him and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 3:05-CV-900-DRB |
| WILDCAT INVESTMENTS, L.L.C., AND B&B FOODS, L.L.C. | ) ) ) | |
| Defendants. | ) ) | |

---

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, **WILDCAT INVESTMENTS, L.L.C., and B&B FOODS, L.L.C.,** by and through their attorneys Gregory H. Andrews, Isham R. Jones, III, and Kerry Lin Davidson of **ANDREWS KOEHLER & PASSARELLI, P.C.** and, as for their Answer and Affirmative Defenses to Plaintiff's Complaint deny each and every averment of said Complaint except as is hereinafter expressly admitted and/or qualified.

1.      Defendants are corporations conducting business in the State of Alabama operating under the name of Jimmy John's. Defendants' operate gourmet sandwich shops.

**ANSWER:**    Defendants deny the allegations contained in Paragraph One of Plaintiff's Complaint.

2.      Plaintiff, Shawn Reaves, currently resides in Auburn, Alabama.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph Two of Plaintiff's Complaint.

3.      At all times material to this action, Plaintiff Reaves was employed by Defendants at one of their Alabama stores as a First Assistant Manager. Plaintiff began his employment with Defendants in July 2003 as a Second Assistant Manager and after approximately six months was

promoted to First Assistant Manager. After his promotion, Plaintiff's duties remained the same as they were prior to the promotion.

**ANSWER:**    Defendants admit that Plaintiff Reaves was employed by Defendant B&B Foods,

L.L.C. ("B&B Foods"), at certain times in the past.  Defendants further admit that Plaintiff began

his employment with B&B Foods in or around July, 2003 as a Second Assistant Manager and

after approximately six months was promoted to First Assistant Manager.  Defendants deny the

remaining allegations contained in Paragraph Three of Plaintiff's Complaint.


4.    This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiff, as well as other similarly situated Assistant Managers, of their lawful wages.

**ANSWER:**    Defendants admit this action alleges violations of the Fair Labor Standards Act,

29 U.S.C. § 201 et seq. ("FLSA"), but deny any violation of the statutes cited.  Defendants

further deny the remaining allegations contained in Paragraph Four of Plaintiff's Complaint.


5.    This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to Plaintiff and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA. For at least three years prior to filing this complaint, Defendants have had a uniform policy and practice of consistently requiring their Assistant Managers to work over 40 hours a week for a salaried amount without overtime compensation.

**ANSWER:**    Defendants admit this action alleges violations of the FLSA but deny any

violation of the statutes cited.  Defendants further deny the remaining allegations contained in

Paragraph Five of Plaintiff's Complaint.


6.    Plaintiff was employed with Defendants in the Assistant Manager position. However, Plaintiff's managerial duties were non existent or extremely minimal as compared to other job duties regularly performed. The Assistant Managers, including Plaintiff, perform minimal if any managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: making and preparing the ingredients that go into making a sandwich, making sandwiches for customers, cleaning the

restaurant and outside the restaurant, running the cash register, stocking, unloading the truck, cleaning the restroom, making deliveries, and counting inventory.

**ANSWER:**   Defendants admit that at certain times Plaintiff was employed by B&B Foods in

an Assistant Manager position.   Defendants deny the remaining allegations contained in

Paragraph Six of Plaintiff's Complaint.


    7.    Plaintiff had no authority to hire, fire or write-up an employee. All scheduling is handled by the Area Manager, Stephen Yeh, and the owner Greg Mejewski. Generally, it is Plaintiff and one delivery driver working in the restaurant.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Seven of Plaintiff's

Complaint.


    8.    Plaintiff and all similarly situated Assistant Managers' primary duties did not consist of the management of the location where they worked; rather, that responsibility was left to the General Manager, Nathan Floyd; Area Manager, Stephen Yeh; and Owner, Greg Mejewski.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Eight of Plaintiff's

Complaint.


    9.    Plaintiff and all similarly situated Assistant Managers did not customarily and regularly direct the work of two or more other employees. Indeed, Plaintiff frequently worked alone or with one other employee. The General Manager and the Area Manager, and not the plaintiff, handled the supervisory duties at the restaurant.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Nine of Plaintiff's

Complaint.


    9(sic). Plaintiff and all similarly situated Assistant Managers did not have the authority to hire, fire or write-up employees, nor was (sic) their suggestions or recommendations as to the hiring, firing or promotion of employees accepted or given any weight. The General Manager and the Area Manager made the decisions to hire and fire employees.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Nine of Plaintiff's

Complaint.

10.    Plaintiff and all similarly situated Assistant Managers did not customarily and regularly exercise discretionary powers. Those duties were handled by the General Manager and the Area Manager.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Ten of Plaintiff's

Complaint.

11.    Plaintiff had the same duties and responsibilities as the Second Assistant Manager; however, the Second Assistant Manager was an hourly paid employee eligible for overtime while Plaintiff and all similarly situated Assistant Managers received a specified daily salary and no overtime compensation despite the fact that Plaintiff and similarly situated employees worked at least twenty (20) hours a week over the required forty (40) hours.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Eleven of Plaintiff's

Complaint.

12.    Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

**ANSWER:**    Defendants admit that Plaintiff's Complaint seeks unpaid overtime compensation,

an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b)

but deny that Defendants are liable for any such remedies and further deny any violation of the

statutes cited.

13.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and venue is proper in the Middle District of Alabama, Eastern Division under 28 U.S.C. §1391(b).

**ANSWER:**    Defendant admits allegations contained in Paragraph Thirteen of Plaintiff's

Complaint.

4

14.    Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

**ANSWER:**    Defendants admit the allegations contained in Paragraph Fourteen of Plaintiff's Complaint.

15.    At all times material to this action, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

**ANSWER:**    Defendants admit the allegations contained in Paragraph Fifteen of Plaintiff's Complaint.

16.    At all times relevant to this action, Defendants were "employers" of Plaintiff as defined by §203(d) of the FLSA.

**ANSWER:**    Defendants admit that B&B Foods at certain times employed Plaintiff. Defendants deny the remaining allegations contained in Paragraph Sixteen of Plaintiff's Complaint.

17.    At all times material to this action, Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

**ANSWER:**    Defendants admit that at certain times B&B Foods employed Plaintiff within the territory of the United States within three years preceding the filing of this lawsuit. Defendant's deny the remaining allegations contained in Paragraph Seventeen of Plaintiff's Complaint.

18.    The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendants and all similarly situated Assistant Managers are or were covered by §§ 206 and 207 of the FLSA during their employment at Defendants.

**ANSWER:**     Defendants deny the allegations contained in Paragraph Eighteen of Plaintiff's

Complaint.


19.     Plaintiff and all similarly situated Assistant Managers were required to perform non-managerial duties without overtime compensation.

**ANSWER:**     Defendants deny the allegations contained in Paragraph Nineteen of Plaintiff's

Complaint.


20.     Defendants have intentionally failed and/or refused to pay Plaintiff and other Assistant Managers salary/rates according to the provisions of the FLSA.

**ANSWER:**     Defendants deny the allegations contained in Paragraph Twenty of Plaintiff's

Complaint.


21.     Defendants' systems and practices relating to their non payment of overtime to Assistant Managers and the duties of Assistant Managers, which deprive Defendants of any FLSA overtime exemptions, have existed for at least three years throughout Defendants' businesses.

**ANSWER:**     Defendants deny the allegations contained in Paragraph Twenty-One of Plaintiff's

Complaint.


22.     For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendants have failed to pay their employees the amount of pay as required.

**ANSWER:**     Defendants deny the allegations contained in Paragraph Twenty-Two of

Plaintiff's Complaint.


6

22(sic).Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to their Assistant Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiff, as well as all similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Twenty-Two of

Plaintiff's Complaint.


23.    As a result of the actions of Defendants in fraudulently concealing the true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statute of limitations as a bar.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Twenty-Three of

Plaintiff's Complaint.


24.    There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all Assistant Managers and former Assistant Managers of Defendants who have been employed with Defendants and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Twenty-Four of

Plaintiff's Complaint.


26(sic).Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees in accordance with §207 of the FLSA.

**ANSWER:**   Defendants deny the allegations contained in Paragraph Twenty-Six of Plaintiff's

Complaint.

27.    As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Twenty-Seven of

Plaintiff's Complaint.

28.    In addition to the amount of unpaid wages and benefits owed to Plaintiff and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Twenty-Eight of

Plaintiff's Complaint.

29.    Defendants' actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, were wilful.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Twenty-Nine of

Plaintiff's Complaint.

30.    Defendants have not made a good faith effort to comply with the FLSA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty of Plaintiff's

Complaint.

31.    Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-One of Plaintiff's

Complaint.

### B.    Retaliation In Violation of the FLSA

32.    Plaintiff objected to Defendants paying him in a manner that yielded too little wages, and violated the FLSA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-Two of Plaintiff's

Complaint.

33.    In retaliation for Plaintiff objecting to Defendants' illegal payment practices, Defendants terminated Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-Three of

Plaintiff's Complaint.

34.    Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-Four of Plaintiff's

Complaint.

35.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, backpay, declaratory judgment, injunctive relief, is his only means of securing adequate relief.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-Five of Plaintiff's

Complaint.

36.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**ANSWER:**    Defendants deny the allegations contained in Paragraph Thirty-Six of Plaintiff's

Complaint.

## AFFIRMATIVE DEFENSES

**NOW COME** Defendants, **WILDCAT INVESTMENTS, L.L.C. and B&B FOODS, L.L.C.,** and as for their Defenses to the Plaintiff's Complaint, incorporate their answers to the foregoing averments of said Complaint as if such answers were set forth in full herein, and asserts further:

**FIRST AFFIRMATIVE DEFENSE:**    As and for their First Affirmative Defense, Defendants assert that each and every cause of action alleged fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE:**    As and for their Second Affirmative Defense, Defendants assert that the claims alleged by Plaintiff and any allegedly "similarly situated" employees are barred, or recovery reduced, by the doctrine of laches due to the unreasonable and inexcusable delay in commencing this action, to the detriment of Defendants.

**THIRD AFFIRMATIVE DEFENSE:**    As and for their Third Affirmative Defense, Defendants assert that Plaintiff and any allegedly "similarly situated" employees have failed, neglected and/or refused to mitigate any alleged injuries and damages.

**FOURTH AFFIRMATIVE DEFENSE:**    As and for their Fourth Affirmative Defense, Defendants assert that Plaintiff and any allegedly "similarly situated" employees were properly designated and classified as exempt from the overtime requirements under 29 U.S.C. § 213 and the rules promulgated under the FLSA.

**FIFTH AFFIRMATIVE DEFENSE:** As and for their Fifth Affirmative Defense, Defendants assert that the claims alleged by Plaintiff and any allegedly "similarly situated" employees are

barred, or recovery reduced, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE:** As and for its Sixth Affirmative Defense, Defendants assert that the claims alleged by Plaintiff and any allegedly "similarly situated" employees are barred, or recovery reduced, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE:** As and for their Seventh Affirmative Defense, Defendants assert that they are excused from any and all liability under the facts alleged in the Complaint because at all times Defendants acted in good faith, conducted all material transactions in good faith, and had reasonable grounds for believing that its conduct was in good faith conformance with the FLSA.

**EIGHTH AFFIRMATIVE DEFENSE:** As and for their Eight Affirmative Defense, Defendants assert that the claims alleged by Plaintiff and any allegedly "similarly situated" employees are barred to the extent that they are outside the applicable statutes of limitation period.

**NINTH AFFIRMATIVE DEFENSE:** As and for their Ninth Affirmative Defense, Defendants assert that presently Defendants have insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

**TENTH AFFIRMATIVE DEFENSE:** As and for their Tenth Affirmative Defense, Defendants assert that Wildcat Investments, L.L.C., is not an "employer" as defined under 29 U.S.C. § 203 of the FLSA in relation to Plaintiff Reaves or any allegedly "similarly situated" employees.

**ELEVENTH AFFIRMATIVE DEFENSE:** As and for their Eleventh Affirmative Defense,

Defendants assert that B&B Foods did not employ Plaintiff Reaves at all times relevant to this matter, and for the time periods that B&B Foods did not employ Plaintiff, it is not an "employer" as defined under 29 U.S.C. § 203 of the FLSA in relation to Plaintiff Reaves or any allegedly "similarly situated" employees.

**WHEREFORE,** based on the above-contained Answers and Affirmative Defenses to Plaintiff's Complaint, Defendants, **WILDCAT INVESTMENTS, L.L.C. and B&B FOODS, L.L.C.,** respectfully request that the Complaint filed herein be dismissed, and that Defendants be awarded their reasonable costs and attorneys' fees for defending against this action.

Respectfully submitted this 29th day of November, 2005.

**WILDCAT INVESTMENTS, L.L.C.,
and B&B FOODS, L.L.C.**


s/    **Gregory H. Andrews**
Gregory H. Andrews
Isham R. Jones, III
Kerry Lin Davidson
Attorneys for Defendants
ANDREWS KOEHLER & PASSARELLI, P.C.
4343 Commerce Court, Suite 615
Lisle, Illinois 60532
Telephone: (630) 505-9939
Facsimile: (630) 505-9969
E-mail: gandrews@akplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

> Jon C. Goldfarb (GOL015)
> Maury S. Weiner (WEI021)
> Kell Simon (SIM061)
> Wiggins, Childs, Quinn & Pantazis, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203

s/     **Gregory H. Andrews**
Gregory H. Andrews
Isham R. Jones, III
Kerry Lin Davidson
Attorneys for Defendants
ANDREWS KOEHLER & PASSARELLI, P.C.
4343 Commerce Court, Suite 615
Lisle, Illinois 60532
Telephone:  (630) 505-9939
Facsimile:  (630) 505-9969
E-mail: gandrews@akplaw.com