IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN REAVES on behalf of<br>him and others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case  No.:  3:05-CV-00900-F |
| | ) | |
| WILDCAT INVESTMENTS, LLC, | ) | |
| AND B&B FOODS, L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PLAINTIFF'S COUNSEL TO REPORT ATTORNEYS' FEES AND EXPENSES

Defendants, **WILDCAT INVESTMENTS, LLC and B&B FOODS, LLC**, by and through their attorneys Gregory H. Andrews, Isham R. Jones, III and Kerry Lin Davidson of **ANDREWS KOEHLER & PASSARELLI, P.C.**, hereby request this Honorable Court to enter an Order directing Plaintiff's counsel to file an *Attorneys' Fees and Expenses Report* every thirty (30) days while this matter is pending.  In support of their Motion, Defendants state as follows:

1.      Plaintiff's Complaint alleges various violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically requests an award of attorneys fees.

2.      Plaintiff's Complaint also purports to allege claims on behalf of "others similarly situated" pursuant to Section 216(b) of the FLSA.   Therefore, Defendants anticipate that Plaintiff will attempt to join additional plaintiffs who are not proper parties to this lawsuit.

3.      To avoid prejudice or injustice to the Defendants and to avoid excess cost that the Defendants should not incur, Defendants request that a systematic contemporaneous record be disclosed to the Court and Defendants' counsel in order to maintain proper notice of the accrual of attorneys' fees as the case progresses and in order to maintain proper costs and expense information related to specific, identifiable plaintiffs so that any attorneys' fees that are assessed can be assessed correctly based on individuals who recover back wages at the end of this lawsuit.

4.      Specifically, Defendants request that Plaintiff's counsel file the following with the Court on a monthly basis on or before the 15th of the each month:

> A separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (*i.e.*, not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference), with each time entry specifying whether the time was incurred as to all plaintiffs in the case (to the extent more plaintiffs are allowed) and/or time incurred as to specific individual plaintiffs. If Plaintiff anticipates that a claim will be made for services performed by non-attorneys, a separate record shall be maintained and filed as part of the record set forth herein.[1]

5.      In order to determine where costs and fees stand at this point, Defendants further request that at the time initial disclosures are exchanged, Plaintiff's counsel provide a specific record, consistent with what is stated above, of the time incurred and the work performed to date.

---

[1] Quoted in part from "ALND Uniform Initial Order Governing All Further Proceedings," United States District Court, Northern District of Alabama (February 17, 2005).

6.    Plaintiffs will not be prejudiced by this requirement insomuch as Plaintiff's counsel is required to keep such records so that a fair and reasonable fee petition, with the request for attorneys' fees, may be filed at the close of this lawsuit, if appropriate.

7.    The filing of attorney time and/or fee records will be extremely helpful for Defendants in estimating potential liability and financial exposure throughout the course of the litigation and could therefore be instrumental not only in assessing costs and fees incurred by Plaintiff, by help in reaching an early resolution of this lawsuit if appropriate.

8.    To the extent that Plaintiff is successful in this lawsuit, Defendants request that attorneys' fees be disallowed for any period of time that is omitted from this reporting requirement.

9.    Disclosing attorneys' fees and expense records throughout the course of this litigation is a practice that promotes fairness and efficiency for all counsel and parties involved.

10.    Although not dispositive authority, the United States District Court for the Middle District of Alabama has granted similar requests for a report of attorneys' fees under similar circumstances in the past. *See* Order dated October 15, 2002 signed by Hon. W. Harold Albritton, in Marsh *et al.* v. Butler County Board of Education, CV-2002-A-788-N, a copy of which is attached hereto as **Exhibit A**. Like the instant action, the Marsh case involved an anticipated collective action under § 216(b) of the Fair Labor Standards Act. Marsh v. Butler County Bd. of Education, 242 F. Supp. 2d 1086 (M.D. Ala. 2003).

11.    A draft Order is attached to this Request for the Court's consideration.

3

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order directing Plaintiff's counsel to file an Attorneys Fees and Expenses Report every thirty (30) days consistent with the terms of the draft Order attached hereto.

Respectfully submitted this 28th day of December, 2005.

**WILDCAT INVESTMENTS, LLC,
and B&B FOODS, L.L.C.**


s/    **Gregory H. Andrews**
        Gregory H. Andrews

Gregory H. Andrews (ILARDC 6209480)
Email: gandrews@akplaw.com
Isham R. Jones, III (ILARDC 6243202)
Email: ijones@akplaw.com
Kerry Lin Davidson (ILARDC 6277341)
Email: kdavidson@akplaw.com
ANDREWS KOEHLER & PASSARELLI, P.C.
4343 Commerce Court, Suite 615
Lisle, Illinois 60532
Telephone: (630) 505-9939
Facsimile: (630) 505-9969

**ATTORNEYS FOR DEFENDANTS**

I hereby certify that on December 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jon C. Goldfarb (GOL015)
> Maury S. Weiner (WEI021)
> Kell Simon (SIM061)
> Wiggins, Childs, Quinn & Pantazis, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama  35203

s/    **Gregory H. Andrews**
Gregory H. Andrews
Attorney for Defendants

Gregory H. Andrews (ILARDC 6209480)
Email: gandrews@akplaw.com
Isham R. Jones, III (ILARDC 6243202)
Email: ijones@akplaw.com
Kerry Lin Davidson (ILARDC 6277341)
Email: kdavidson@akplaw.com
ANDREWS KOEHLER & PASSARELLI, P.C.
4343 Commerce Court, Suite 615
Lisle, Illinois 60532
Telephone:  (630) 505-9939
Facsimile:  (630) 505-9969

**ATTORNEYS FOR DEFENDANTS**

# EXHIBIT A

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**F I L E D**

OCT 1 6 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

SHIRLEY MARSH, et al.,                    )
                                          )
                    Plaintiffs,           )
                                          )
v.                                        )        Civil Action No. 02-A-788-N
                                          )
BUTLER COUNTY BOARD OF                    )
EDUCATION,                                )
                                          )
                    Defendant.            )

### ORDER

Upon consideration of the Defendant's Request for the Plaintiffs' Lawyers' Time

Records, and the Plaintiffs' response thereto, it is hereby ORDERED that the request is

GRANTED to the following extent:

1. Counsel for the Plaintiffs must maintain a separate record of time spent in this case by

each attorney and each person not a member of the bar, with sufficient detail to disclose the

nature of the work being performed, including the identity of Plaintiffs.

2. Counsel will file with the Clerk of the Court a document setting out the information

described above on or before the 15th day of each month during the pendency of this case for

work done the preceding month. The first filing, due on November 15, 2002, shall cover all

work done up to that date.

3. Counsel may file the above under seal by placing the same in a sealed envelope with

the case name and number and labeled as "attorney time records to be filed under seal." If

material is filed under seal, counsel for the Plaintiffs must also file and serve upon opposing

parties or their counsel a document stating the total number of hours for each person performing



EXHIBIT

tabbies

**A**

24

work included in the filing under seal.  At the conclusion of this case, the seal will be lifted

without further order.

Done this _____ 15th day of October, 2002.


W. HAROLD ALBRITTON
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN REAVES on behalf of<br>him and others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:05-CV-00900-F |
| | ) | |
| WILDCAT INVESTMENTS, LLC,<br>AND B&B FOODS, L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER

Upon Defendants' Request for Plaintiff's Counsel to Report Attorneys' Fees and Expenses, and Plaintiff's response thereto (if any), it is hereby ORDERED that the request is Granted to the following extent:

1. Plaintiff's counsel must maintain a separate record of time spent in this case by each attorney and each non-attorney (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, with sufficient detail to disclose the nature of the work performed in the action (*i.e.*, not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference), with each time entry specifying whether the time was incurred as to all plaintiffs in the case (to the extent Plaintiff seeks to add more plaintiffs and the Court grants such a request) and/or time incurred as to specific individual plaintiffs.

2. Plaintiff's counsel will file with the Clerk of the Court a document setting out the information described above on or before the 15th day of each month during the pendency of this case for work done the preceding month. The first filing, due on February 15, 2006, shall cover all work done up to that date.

3. Plaintiff's counsel may file the above under seal by placing the same in a sealed envelope with the case name and number and labeled as "attorney time records to be filed under seal." If material is filed under seal, Plaintiff's counsel must also file and serve upon opposing parties' counsel a document stating the total number of hours for

1

each person performing work included in the filing under seal.  At the conclusion of the case, the seal will be lifted without further order of the Court.

Done this _____ day of January, 2006.


_____
Mark E. Fuller

United States District Judge


2