IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SHAWN REAVES on behalf of** ) | |
| **him and others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NUMBER:** |
| ) | **3:05-CV-900-WKW** |
| ) | |
| ) | |
| **WILDCAT INVESTMENTS,** ) | |
| **L.L.C., AND B&B FOODS,** ) | |
| **L.L.C.** ) | |
| ) | |
| **Defendants.** ) | |

**AMENDED COLLECTIVE ACTION COMPLAINT**

**COMES NOW** the Plaintiff, Shawn Reaves, and files this lawsuit against Defendants, Wildcat Investments, L.L.C and B&B Foods, (hereinafter "defendants") for himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendants are corporations conducting business in the State of Alabama operating under the name of Jimmy John's. Defendants' operate gourmet sandwich shops.

2. Plaintiff, Shawn Reaves, currently resides in Auburn, Alabama.

1

3. At all times material to this action, Plaintiff Reaves was employed by Defendants at one of their Alabama stores as a First Assistant Manager. Plaintiff began his employment with Defendants in July 2003 as a Second Assistant Manager and after approximately six months was promoted to First Assistant Manager. After his promotion, Plaintiff's duties remained the same as they were prior to the promotion.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiff, as well as other similarly situated Assistant Managers, of their lawful wages.

5. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to Plaintiff and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA. For at least three years prior to filing this complaint, Defendants have had a uniform policy and practice of consistently requiring their Assistant Managers to work over 40 hours a week for a salaried amount without overtime compensation.

6. Plaintiff was employed with Defendants in the Assistant Manager position. However, Plaintiff's managerial duties were non existent or extremely

minimal as compared to other job duties regularly performed. The Assistant Managers, including Plaintiff, perform minimal if any managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: making and preparing the ingredients that go into making a sandwich, making sandwiches for customers, cleaning the restaurant and outside the restaurant, running the cash register, stocking, unloading the truck, cleaning the restroom, making deliveries, and counting inventory.

7. Plaintiff had no authority to hire, fire or write-up an employee. All scheduling is handled by the Area Manager, Stephen Yeh, and the owner Greg Mejewski. Generally, it is Plaintiff and one delivery driver working in the restaurant.

8. Plaintiff and all similarly situated Assistant Managers' primary duties did not consist of the management of the location where they worked; rather, that responsibility was left to the General Manager, Nathan Floyd; Area Manager, Stephen Yeh; and Owner, Greg Mejewski.

9. Plaintiff and all similarly situated Assistant Managers did not customarily and regularly direct the work of two or more other employees. Indeed, Plaintiff frequently worked alone or with one other employee. The General Manager and the Area Manager, and not the plaintiff, handled the supervisory duties at the restaurant.

10. Plaintiff and all similarly situated Assistant Managers did not have the authority to hire, fire or write-up employees, nor was their suggestions or recommendations as to the hiring, firing or promotion of employees accepted or given any weight. The General Manager and the Area Manager made the decisions to hire and fire employees.

11. Plaintiff and all similarly situated Assistant Managers did not customarily and regularly exercise discretionary powers. Those duties were handled by the General Manager and the Area Manager.

12. Plaintiff had the same duties and responsibilities as the Second Assistant Manager; however, the Second Assistant Manager was an hourly paid employee eligible for overtime while Plaintiff and all similarly situated Assistant Managers received a specified daily salary and no overtime compensation despite the fact that Plaintiff and similarly situated employees worked at least twenty (20) hours a week over the required forty (40) hours.

13. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and venue is proper in the Middle District of Alabama, Eastern Division under 28 U.S.C. §1391(b).

15. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

16. At all times material to this action, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

17. At all times relevant to this action, Defendants were "employers" of Plaintiff as defined by §203(d) of the FLSA.

18. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

19. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants and all similarly situated Assistant Managers are or were covered by §§ 206 and 207 of the FLSA during their employment at Defendants.

20. Plaintiff and all similarly situated Assistant Managers were required to perform non-managerial duties without overtime compensation.

21.     Defendants have intentionally failed and/or refused to pay Plaintiff and other Assistant Managers salary/rates according to the provisions of the FLSA.

22.     Defendants' systems and practices relating to their non payment of overtime to Assistant Managers and the duties of Assistant Managers, which deprive Defendants of any FLSA overtime exemptions, have existed for at least three years throughout Defendants' businesses.

23.     For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendants have failed to pay their employees the amount of pay as required.

24.     Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to their Assistant Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiff, as well as all similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

25.     As a result of the actions of Defendants in fraudulently concealing the

true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statute of limitations as a bar.

26. There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all Assistant Managers and former Assistant Managers of Defendants who have been employed with Defendants and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

27. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees in accordance with §207 of the FLSA.

28. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive

compensation in accordance with §207 of the FLSA.

29. In addition to the amount of unpaid wages and benefits owed to Plaintiff and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

30. Defendants' actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, were wilful.

31. Defendants have not made a good faith effort to comply with the FLSA.

32. Plaintiff, and all others similarly situated, are also entitled to an award of
attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were

not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

      2.      Plaintiff, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

      3.      Plaintiff's and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

      4.      Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

      5.      Plaintiff further demands a jury to try the issues when joined.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/Maury S. Weiner
Jon C. Goldfarb (GOL015)
Maury S. Weiner (WEI021)
Kell Simon (SIM061)
Attorneys for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS & QUINN, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have filed a copy of the above and foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification to the following counsel of record:

Gregory H. Andrews
Isham R. Jones, III
Kerry Lin Davidson
Attorneys for Defendants
Andrews Koehler & Passarelli, P.C.
4343 Commerce Court, Suite 615
Lisle, Illinois 60532

this the   25th   day of  May , 2006.

                                                  s/Maury S. Weiner
                                                OF COUNSEL